UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **VICKIE L. LAMB,**  )  | |
| )  | |
| **Plaintiff,**  )  | |
| )  | |
| v.  )  | CAUSE NO. 1:10-CV-469 |
| )  | |
| **SELECT SPECIALTY HOSPITAL-**  )  | |
| **FORT WAYNE, INC.,**  )  | |
| )  | |
| **Defendant.**  )  | |

## OPINION AND ORDER

Before the Court is a stipulated motion by the parties seeking approval of a proposed protective order pursuant to Federal Rule of Civil Procedure 26(c). (Docket # 28.) As the proposed order is overly broad in one respect, it will be DENIED.

To explain, the proposed order seeks to protect "[a]ny documents *containing* information protected by the Health Insurance Portability and Accountability Act of 1996 ('HIPAA')." (Proposed Agreed Protective Order ¶ 2(B) (emphasis added).) The incorporation of the phrase "documents containing" renders the proposed order overly broad, as a protective order should seek to narrowly protect *only* the confidential material through a method of redaction. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document). Thus, the proposed order

should provide for the contemporaneous public filing of a redacted version of the document (in which only the actual confidential material is redacted) when an unredacted version is filed under seal.[1]

It is important to remember that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id.* at 945-46. "Obtaining a protective order in an appropriate case need not be a[n] onerous task. But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *2 (S.D. Ind. Mar. 28, 2003).

For these reasons, the Court hereby DENIES the stipulated motion seeking approval of the proposed agreed protective order submitted by the parties (Docket # 28). Of course, the parties may submit a revised protective order consistent with the requirements of Federal Rule of Civil Procedure 26(c)(7) and Seventh Circuit case law.[2]

SO ORDERED.

Enter for this 21st day of September, 2011.

                                                                   S/ Roger B. Cosbey
                                                                   Roger B. Cosbey,
                                                                   United States Magistrate Judge

---

[1] Although the proposed order does not expressly address filing documents under seal, the parties did not definitively limit the protective order to the discovery process. If the parties instead limit the proposed order to solely the discovery phase of the proceedings and state that documents will be filed under seal only pursuant to a further order of this Court upon a showing of "good cause" by the parties, then the incorporation of the redaction method is unnecessary.

[2] Also, in contrast to the proposed agreed protective order submitted by the parties, the type in the body of the text of any revised proposed agreed protective order must be in no less than 12 point. *See* N.D. Ind. L.R. 7.1(d).